UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN GROENE                                              Case No.

        Plaintiff,

v.

METROPOLITAN LIFE
INSURANCE COMPANY,

A Foreign Corporation,

        Defendant.

## COMPLAINT

The Plaintiff, JOHN GROENE, by and through undersigned counsel, hereby sues METROPOLITAN LIFE INSURANCE COMPANY ("METLIFE") and alleges:

### GENERAL ALLEGATIONS

1. This is an action under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §1001, et seq., specifically § 1132 (a)(1)(b).

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue is proper in the United States District Court for the Middle District of Florida, where the breach of the employee benefits contract between the parties took place.

4. At all times material hereto, Mr. Groene was covered by a policy of long-

term disability insurance through the Defendant MetLife.

5. Defendant MetLife is a foreign corporation conducting insurance business in Polk County, Florida.

6. At all times material hereto, Mr. Groene was covered by a policy of long-term disability insurance funded and administered by the Defendant MetLife, which was a fiduciary of the employee benefits plan established by Plaintiff's employer pursuant to 29 U.S.C. § 1132(d)(1) through an "employee welfare benefit plan" as defined by ERISA, 29 U.S.C. § 1002(1) and which may be sued under ERISA as an entity. A copy of the MetLife long-term disability insurance policy is attached hereto as Exhibit "A."

7. Defendant MetLife is and/or was at all times relevant to this litigation a "plan fiduciary" within the meaning of 29 U.S.C. §1104.

8. Defendant MetLife makes the final decision to approve or deny claims under the policy of insurance providing benefits to Mr. Groene and bore the ultimate responsibility for paying said claims for benefits, creating an inherent conflict of interest between MetLife's duties to the plaintiff as an ERISA fiduciary and its duties to its shareholders as a for-profit corporation under federal law.

9. Defendant MetLife has a serious conflict of interest and its decisions to deny benefits was influenced by its conflict of interest.

10. Defendant MetLife has failed to apply the provisions of the insurance policies

consistently with respect to similarly situated claimants.

11. Defendant's notice of denial failed to comply with 29 CFR § 2560.503-1(f) as well as the "full and fair review" provisions of ERISA.

12. Defendant's plan documents fail to comply with 29 CFR § 2560.503-1 as well as the "full and fair review" provisions of ERISA.

13. Defendant has failed to comply with its own internal rules, guidelines, protocols, and/or other similar criteria relied upon in making the adverse determination referenced herein, failing to provide a copy of same to Plaintiff and failing to state that same will be provided upon request in its denial of Plaintiff's appeal as required by 29 CFR § 2560.503-1(j).

14. In addition, the Defendant has failed to comply with the provisions of 29 CFR § 2560.503-1(b), 29 CFR § 2560.503-1(f), 29 CFR § 2560.503-1(g), 29 CFR § 2560.503-1(h), and 29 CFR § 2560.503-1(I) in its administration of Plaintiff's claim.

15. Plaintiff has exhausted administrative remedies before filing this action or the requirement that administrative remedies be exhausted before this action is filed has been otherwise satisfied, waived, excused, estopped, tolled, rendered moot, rendered a vain act, or otherwise rendered unnecessary under the statutes, administrative regulations promulgated by the Secretary of Labor, and/or common law regulating the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq..

16. A copy of this Complaint is contemporaneously filed with the Secretary of Labor.

## COUNT ONE
### Action to Recover Plan Benefits
### Pursuant to 29 U.S.C. § 1132 (a)(1)(B)
### Against MetLife

17. Plaintiff realleges and reavers paragraphs 1 through 16 of this Complaint, incorporating the same by reference as if specifically reinstated herein.

18. Plaintiff was and is "disabled," as the term was defined in the long-term disability insurance policy funded and administered by MetLife at all times material hereto.

19. Defendant MetLife has failed and refused to pay the Plaintiff, sums due pursuant to the disability insurance policy funded and administered by MetLife, at all times material hereto.

20. Defendant MetLife has subjected the Plaintiff to an unreasonable claims process pursuant to 29 CFR § 2560.503-1 and has denied benefits under the terms of the plan.

21. Plaintiff Mr. Groene is accordingly entitled to present evidence of disability under the *de novo* standard to this Honorable Court.

22. Plaintiff Mr. Groene is entitled to recover attorneys' fees authorized by 29 U.S.C. § 1132(g).

**WHEREFORE**, Plaintiff JOHN GROENE prays for relief from Defendant

METROPOLITAN LIFE INSURANCE COMPANY for benefits due pursuant to the contract of long-term disability insurance funded by insurance premiums paid to Defendant under the employee welfare benefit plan pursuant to 29 U.S.C. § 1132(1)(1)(B), plus interest, costs, attorney' fees pursuant to 29 U.S.C. § 1132 (g), and such other relief as the Court may deem appropriate.

## COUNT TWO
### Action to Clarify Right to Plan Benefits
### Pursuant to 29 U.S.C. § 1132 (a)(1)(B)
### Against MetLife

23. Plaintiff realleges and reavers paragraphs 1 through 16 of this Complaint, incorporating the same by reference as if specifically restated therein.

24. Mr. Groene is entitled to long-term disability benefits under the disability insurance plan which is the subject of this action.

25. Defendant MetLife has denied that Plaintiff is entitled to long-term disability insurance benefits under the disability insurance policy which is the subject of this action.

26. 29 U.S.C. § 1132(a)(1)(B) specifically authorizes an action to clarify an ERISA plaintiff's rights to benefits subject to the terms of the contract for long-term disability insurance funded by insurance premiums paid to MetLife.

27. Defendant MetLife has subjected the Plaintiff to an unreasonable claims process pursuant to 29 CFR § 2560.503-1.

28. Plaintiff is entitled to a declaration that his long-term disability insurance

benefits are payable under the disability insurance policy at issue, and is entitled to present evidence of her disability to this effect under the de novo standard.

29. Plaintiff Mr. Groene is entitled to recover attorney's fees authorized by 29 U.S.C. § 1132(g).

**WHEREFORE**, Plaintiff JOHN GROENE prays for relief from Defendant METROPOLITAN LIFE INSURANCE COMPANY for reinstatement of benefits pursuant to the long-term disability insurance policy funded and administered by METROPOLITAN LIFE INSURANCE COMPANY pursuant to 29 U.S.C. § 1132 (a)(1)(B), together with any ancillary benefits to which he may be entitled as a result of the reinstatement of such benefits, plus interest, costs, attorney's fees as authorized by 29 U.S.C. § 1132(g), and such other relief as the Court may deem appropriate.

Respectfully Submitted,

/s/ W M S.

William S. Coffman, Jr. Esquire
Florida Bar No. 0188158
**COFFMAN LAW**
15436 N. Florida Avenue, Suite 103
Tampa, Florida 33613
(813) 935-7030
(813) 935-7277 fax
erisa@benefitsdenied.com
Trial Counsel for Plaintiff